IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JAMES A. SHAWVER, II, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:05-CV-378-A |
| | § | |
| MANN BRACKEN, L.L.C., ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
## and
## ORDER

Came on for consideration the motion of defendants, Mann Bracken, L.L.C. ("Mann Bracken"), Chase Manhattan Bank USA, N.A. ("Chase"), James D. Branton ("Branton"), and Michael Austin ("Austin"), to dismiss for failure to state a claim upon which relief can be granted. Having considered the motion and the applicable authorities, the court has determined that it should be granted.

I.

### Plaintiff's Claims

Plaintiff, James A. Shawver, II, alleges in his complaint that defendants violated the Federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq., and the federal mail fraud statute, 18 U.S.C. § 1341. It should be noted, however, that plaintiff's complaint consists of little more than a series of conclusory allegations. The court concludes that the only portion deserving of discussion is a section where plaintiff alleges what he presents as predicate

acts in violation of 18 U.S.C. §§ 1961, 1962 & 1341. Compl. at 4. That portion of the complaint states:

> [1] On or about August 2, 2004, predicate actor Michael Austin uttered a document through the Untied [sic] States Mail which Michael Austin knew was false with the intention that James A. Shawver II rely on the false document to the detriment of losing over nineteen hundred dollars.
>
> [2] On or about April 12, 2005, predicate actor James D. Branton uttered a document through the Untied [sic] States Mail which James D. Branton knew was false with the intention that James A. Shawver II rely on the false document to the detriment of losing over twenty-five hundred dollars.
>
> [3] On or about March 22, 2005, predicate actor James D. Branton uttered a document through the United States Mail which James D. Branton knew was false with the intention that James A. Shawver II rely on the false document to the detriment of losing over three thousand dollars.
>
> [4] On or about April 12, 2005, predicate actor James D. Branton filed a groundless, frivolous arbitration claim against James A. Shawver II in the National Arbitration Forum in violation of James A. Shawver II's due process rights, with the intention that James A. Shawver II lose over twenty-five hundred dollars.
>
> [5] On or about March 22, 2005, predicate actor James D. Branton filed a groundless, frivolous arbitration claim against James A. Shawver II in the National Arbitration Forum in violation of James A. Shawver II's due process rights, with the intention that James A. Shawver II over [sic] three thousand dollars.

Id.

## II.

## Grounds of the Motion

Defendants urge in their motion that (1) plaintiff does not meet the RICO standing or injury requirement, (2) there is no pleading or showing of continuity to create an enterprise, (3) debt collection is not a RICO violation, (4) defendants' actions do not constitute mail fraud, and (5) plaintiff has not properly alleged a conspiracy charge under section 1962(d)

In support of their motion, defendants argue, with supporting documentation, that:

The claims in this action arise out plaintiff's default of his obligation to re-pay a debt owed to Chase on two charge accounts.  See Defs.' Mot., App. at 11-20.  In March 2005 plaintiff owed $2,520.92 on Visa Account # 4266 8510 4535 6687; and in February 2005 he owed $3,056.52 on Visa Account # 4266 9010 2598 3388.  Id. at 15 and 20.  Thereafter, Mann Bracken filed claims on behalf of Chase in two arbitration proceedings and obtained arbitration awards against Plaintiff in the amounts of $2,881.62 and $3,480.94.  Id. at 1-2.

Plaintiff did not respond to the motion.

### III.

### Applicable Legal Standards

The standards for deciding a motion to dismiss for failure to state a claim are well settled.  The court's task is to determine "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A

complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The court construes the allegations of the complaint favorably to the pleader.  Scheuer, 416 U.S. at 236.  However, the court does not accept conclusory allegations or unwarranted deductions of fact as true.  Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); Guidry v. Bank of LaPlace, 954 F.2d 278, 281 (5th Cir. 1992).  "[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim."  Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting Venture Assocs. Corp. V. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993)).

IV.

Analysis

A.  RICO Pleading Requirements.

The Fifth Circuit commands that all "civil RICO claim[s] must involve: (1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise."  Delta Truck & Tractor, Inc. v. J.I. Case Co., 855 F.2d 241, 242 (5th

4

Cir. 1988) (emphasis in original).[1]  Based on the following the court concludes that plaintiff has failed to plead facts establishing a pattern of racketeering activity.  "Because this conclusion, alone, is dispositive, [the court] need not consider whether [plaintiff] sufficiently alleged the other elements." See In re Mastercard Int'l, Inc., 313 F.3d 257, 261 (5th Cir. 2002).

B.  <u>Plaintiff Fails to Allege a Pattern of Racketeering Activity</u>.

"A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity."  St. Paul Mercury Ins. Co. v. Williamson, 224 F.3d 425, 441 (5th Cir. 2000); see also 18 U.S.C. § 1961(5).  Stated another way, plaintiff must plead facts establishing that (1) at least one of the defendants has committed two or more predicate acts, and (2) the same defendants will likely continue to commit these acts.

Section 1961 delineates all predicate acts that constitute racketeering activity, including mail fraud.  See 18 U.S.C. § 1961(1).  As shown above, plaintiff pleads three alleged

---

[1] In his complaint, plaintiff alleges a general violation of the substantive RICO statute, 18 U.S.C. § 1962. However, that statute contains four subsections of prohibited racketeering activity, none of which plaintiff has specifically relied upon.  See e.g. Crowe v. Henry, 43 F.3d 198, 203 (5th Cir. 1995) (summarizing the subsections of § 1962 in "their simplest terms").  Nevertheless, the court need not determine which subsection plaintiff intended to invoke if he fails to allege at least one of the elements common to all civil RICO claims.

5

instances of mail fraud as RICO predicates.[2]  An element of RICO mail fraud is scienter.  See St. Paul Mercury Ins. Co., 224 F.3d at 441; see also Crowe v. Henry, 115 F.3d 294, 297 (5th Cir. 1997).  Thus, for the complaint adequately to allege predicate acts, it must contain allegations of facts establishing that these mailings were made with the intent to defraud.

Plaintiff's complaint, however, fails to allege facts establishing an intent to defraud.  Plaintiff's allegations are conclusory allegations, not specific facts that support an inference of fraud.  See Fed R. Civ. P. 9(b); see also Tuchman v. DCS Communications Corp., 14 F.3d 1061, 1068 (5th Cir. 1994).  Throughout his complaint, plaintiff refers to alleged acts of fraud without ever explaining what specific action constituted the fraud.[3]  To be sure, the court is mindful that the Fifth Circuit will, in some cases, allow circumstantial evidence of intent to defraud.  See Landry v. Air Line Pilots Ass'n Int'l, 901 F.2d 404, 429 n.87 (5th Cir. 1990).  Nevertheless, plaintiff also failed to alleged any facts, such as a reckless disregard

---

[2] In the fourth and fifth alleged predicate acts, plaintiff asserts that defendants violated his right to due process. Because alleged violations of due process are not RICO predicates, the court in not considering those predicate acts further.  See 18 U.S.C. § 1961(1)(B) (listing the predicate acts).

[3] Plaintiff alleges that Austin and Branton both "knew" the documents mailed to plaintiff were "false" and that they intended for plaintiff to "rely on the false document." Compl. at 4. These attempts to plead scienter are unavailing because they do not explain, with particularity, how Austin and Branton knew the document was false.  See Tuchman, 14 F.3d 1061, 1068 ("Although scienter may be 'averred generally', case law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent").

6

for the truth or falsity of the mailings, from which fraudulent intent could be inferred.

Moreover, even had plaintiff pleaded such facts, the alleged predicate acts are simply too isolated in light of the Fifth Circuit's continuity requirement. See St. Paul Mercury Ins. Co., 224 F.3d at 441. The alleged mail fraud is nothing more than simple debt-collection. Cf. Delta Truck, 855 F.2d at 244 (dismissing civil RICO complaint where plaintiff "alleged as a pattern of racketeering activity nothing more than numerous predicate acts which were necessary segments of an otherwise legitimate and singular commercial endeavor"). The court is confident that, should the plaintiff settle his debts, the mailings will cease.

Therefore, the court concludes that plaintiff failed to allege any facts establishing the intent to defraud on the part of any defendants.

V.

O R D E R

For the reasons discussed herein,

The court ORDERS that the motion of defendants to dismiss be, and is hereby, granted.

The court further ORDERS that all claims asserted by plaintiff against defendants in the above-styled action be, and are hereby, dismissed.

7

SIGNED October 6, 2005.

      /s/ John McBryde
JOHN McBRYDE
United States District Judge